UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| Charles Todd Bishop | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CAUSE NO. 3:12-cv-00165 |
| | § | |
| Chet Morrison Contractors, L.L.C., | § | |
| Chet Morrison Well Services, L.L.C., | § | |
| Aries Marine Corporation, | § | |
| Offshore Marine L.L.C., and | § | |
| Offshore Liftboats L.L.C | § | |
| | § | |
| Defendants | § | |

**JOINT DISCOVERY/CASE MANAGEMENT
PLAN UNDER RULE 26(F)**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Charles Todd Bishop and Defendants Chet Morrison Contractors, L.L.C., Chet Morrison Well Services, L.L.C. ("Chet Morrison") and Aries Marine Corporation file this their Joint Discovery/Case Management Plan.

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

   **The meeting was held via telephone and email on June 29, 2012 with Paul Skrabanek attending on behalf of Plaintiff and Bob Reich on behalf of Chet Morrison, and George Plauché attending for Aries Marine.**

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

*Bishop v. Chet Morrison, et al.*, CV67385 pending in Galveston County Court at Law No. 2. – this case was removed to this Court.

3. Briefly describe what this case is about.

   **Plaintiff contends Defendants were negligent in dropping a piece of metal grating onto his head causing a broken jaw, broken face, broken nose, injured neck, and a closed head injury.**

   **Aries Marine Corporation contends that it had no personnel, equipment or other presence in the area of the accident and no connection to the work being performed. Aries Marine contends it was improperly named as a defendant in this lawsuit. Plaintiff's counsel has granted Aries Marine an extension of time to file responsive pleadings while he reviews evidence of Aries Marine's lack of involvement in the incident giving rise to this lawsuit.**

   **Chet Morrison Contractors, Inc. and Chet Morrison Services, L.L.C., both Louisiana companies, contend that this is a suit where an Arkansan citizen was allegedly injured while working on an oil production platform located on the Outer Continental Shelf, off the coast of Louisiana, when a piece of metal allegedly fell on him from above.  Chet Morrison has answered this suit, denying plaintiff's allegations**.

4. Specify the allegation of federal jurisdiction.

   **Federal question and diversity jurisdiction.**

5. Name the parties who disagree and the reasons.

   **Plaintiff contends this Court does not have jurisdiction because Plaintiff was a Jones Act seaman at the time of his injuries, which prevents removal under the Savings to Suitors Clause.  See Plaintiff's Motion to Remand.**

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

   **Plaintiff: Offshore Liftboats L.L.C., which will be added after the Court's ruling on Remand.**

   **Defendant: Offshore Liftboats L.L.C., which will be added after the Court's ruling on Remand. Offshore Marine, L.L.C. will be dismissed from this suit at the same time, as it does not exist.**

7. List anticipated interventions.

   **The parties at this time do not anticipate any interventions.**

8. Describe class-action issues.

   **None.**

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

   **The parties have not made the initial disclosures at this time. The parties agree to make Initial Disclosures on or before July 18, 2012.**

10. Describe the proposed agreed discovery plan, including:

    A. Responses to all the matters raised in Rule 26(f).

       **No Changes**.

    B. When and to whom the plaintiff anticipates it may send interrogatories.

       **Plaintiff has already served discovery in the underlying action that was removed. Plaintiff anticipates serving additional written discovery, including interrogatories, on Defendants within fourteen (14) days of the Rule 26(f) meeting.**

C. When and to whom the defendant anticipates it may send interrogatories.

**Aries Marine Corporation anticipates serving discovery on all parties within fourteen (14) days of filing responsive pleadings and receiving the parties' initial disclosures.**

**Chet Morrison anticipates serving discovery on all parties within thirty (30) days of receiving the parties' initial disclosures.**

D. Of whom and by when the plaintiff anticipates taking oral depositions.

**Plaintiff will or may take depositions of all persons who witnessed the incident in question and/or have relevant knowledge of the facts and circumstances surrounding the incident in question, as well as all persons listed by Defendants as having knowledge of relevant facts. Plaintiff may also depose Plaintiff's experts and medical providers (to preserve testimony) and Defendants' experts. The parties anticipate Plaintiff anticipates this should be accomplished within eight months of the Rule 16 conference.**

E. Of whom and by when the defendant anticipates taking oral depositions.

**Defendants will take the deposition of Plaintiff as well as all persons listed by the other parties as having knowledge of relevant facts. Defendants will or may also depose other parties' experts and medical providers. Defendants anticipate this should be accomplished within eight months of the Rule 16 conference. The Defendants anticipate taking the deposition of Plaintiff within three months of a ruling on Defendant's 12(b) Motion, as well as any fact witnesses and any expert witnesses designated by Plaintiff prior to the discovery cutoff.**

F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B).

**The parties shall designate experts and provide reports within the deadlines imposed by this court.**

>**Plaintiff will designate experts on or before November 1, 2012. Defendants will designate experts on or before December 1, 2012.**

G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

>**Plaintiff anticipates taking the depositions of all experts designated by Defendant. Plaintiff may also depose his experts to preserve testimony. This will be accomplished within the deadlines imposed by this Court.**

H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

>**Defendants anticipate taking the depositions of all experts designated by Plaintiff and other defendants and may also depose their own experts to preserve testimony. Any such depositions will be completed within the discovery period.**

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

   **The parties are in agreement.**

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

   **None.**

13. State the date the planned discovery can reasonably be completed.

   **The parties believe that discovery can be completed by February 1, 2013.**

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

    **The parties agree are agreed to conduct voluntary settlement negotiations following completion of preliminary factual discovery, including mediation.**

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

    **The parties are attempting to compile information necessary to properly evaluate the claim in an effort to bring about a prompt resolution.**

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

    **The parties believe that mediation may be suitable after initial discovery is conducted.**

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    **The parties are not in agreement to proceed before a magistrate.**

18. State whether a jury demand has been made and if it was made on time.

    **Jury demand was timely made with the Plaintiff's Original Complaint.**

19. Specify the number of hours it will take to present the evidence in this case.

    **The parties anticipate it will take approximately 4 days to present evidence in this case.**

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    **Plaintiff's Motion to Remand.**

21. List other motions pending.

    **None at this time, although Chet Morrison intends to timely oppose plaintiff's Motion to Remand.**

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

    **None anticipated at this time.**

23. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

    **Plaintiff Charles Bishop filed his Certificate of Interested Parties on June 15, 2012.**

    **Defendant Chet Morrison filed their Certificates of Interested Parties on June 29, 2012.**

24. List the names, bar numbers, addresses, and telephone numbers of all counsel.

    **Please see signature blocks below.**

        Respectfully submitted,

        ARNOLD & ITKIN LLP

        */s/ Kurt B. Arnold*

        _____
        Kurt B. Arnold
        Southern District of Texas No. 36185
        1401 McKinney Street, Suite 2550
        Houston, Texas 77010
        Telephone: (713) 222-3800
        Facsimile: (713) 222-3850
        karnold@arnolditkin.com

        **ATTORNEYS FOR PLAINTIFF**

**OF COUNSEL:**
M. Paul Skrabanek
State Bar No. 24063005
Southern District of Texas No. 919474
ARNOLD & ITKIN LLP
5 Houston Center
1401 McKinney Street, Suite 2550
Houston, Texas 77010
Telephone: (713) 222-3800
Facsimile: (713) 222-3850
pskrabanek@arnolditkin.com

        PLAUCHÉ & STOCK, LLP

        */s/ George C. Plauche*
        _____
        George C. Plauché
        La. Bar #23260
        Tx. Bar# 00794466
        130 South Audubon Blvd., Ste. 102 (70503)
        P.O. Drawer 52806
        Lafayette, LA  70505
        Tel: 337.237.1213
        Fax: 337.233.9095
        Email: George@plauchestock.com

        **ATTORNEY FOR ARIES MARINE**
        **CORPORATION**

REICH, ALBUM & PLUNKETT, L.L.C.

*/s/ Robert S. Reich*

_____
Robert S. Reich
La. Bar #30788
Two Lakeway Center, Suite 1000
3850 N. Causeway Blvd.
Metairie, LA  70002
Tel: 504.830.3999
Fax: 504.830.3950
Email: rreich@rapllclaw.com

**ATTORNEY FOR CHET MORRISON CONTRACTORS, L.L.C. AND CHET MORRISON WELL SERVICES, L.L.C.**